IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BIGFOOT 4X4, INC,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No. 22-4976
Judge Rebecca R. Pallmeyer



## Motion to Dismiss Plaintiff's Complaint and Dissolve Restrained Funds

Defendants shenzhenshihanengwenjuyouxiangongsi(Doe.192), shenzhenshizhangeleishipinyouxiangongsi(Doe.198) and VerPetridure(Doe.201) are online stores operated by 陈紫荆（Zijing Chen）. Plaintiff initiated the lawsuit in Illinois on the ground of alleged infringement of "Bigfoot" trademark, and moved the court to restrain defendant's all funds. 陈紫荆（Zijing Chen) hereby represents his stores to respectfully requests the Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction, and dissolve restrained funds, specific reasons are as follows:

**I. Plaintiff failed to establish personal jurisdiction of the court over the defendant.**

According to Plaintiff's complaint, it appears that the description for accused product contains the word "Bigfoot". I searched all products related to the name of "Bigfoot", but didn't find any accused product were sold to United States nor Illinois.



*(Shenzhenshihanengwenjuyouxiangongsi sold 0 accused product)*



*(shenzhenshizhangeleishipinyouxiangongsi sold 0 accused product)*



*(VerPetridure sold 0 accused product)*

At the situation of 0 accused sales to Illinois, Plaintiff failed to establish the minimum contact between Defendant and Illinois[1].

In addition, neither plaintiff nor defendant were based in Illinois. Defendant has no regular and established place of business in Illinois. Defendant does not maintain any offices, employees, or telephone listings in Illinois. Defendant has no manufacturing facility or distribution facility in Illinois. Defendant does not have any employees who visit Illinois for business purposes. Defendant's actions did not cause any harm to the residents of Illinois. Therefore, plaintiff's complaint should be dismissed for lack of personal jurisdiction.

---

[1] See cases RUBIK'S BRAND, LTD.,V. DEFENDANTS (Case No 20-5338, Dkt 73, March 4, 2021); MSM DESIGN AND ENGINEERING LLC.,V.DEFENDANTS (Case No 20-121, Dkt 122, July 28, 2021); MORI LEE, LLC., V. DEFENDANTS(Case No 20-7648, Dkt 97, February 22, 2022); GENERAL TOOLS & INSTRUMENTS, LLC, V. DEFENDANTS(Case No 20-1036, Dkt 73, July 15,2020); SUN CHENYAN V. DEFENDANTS(Case No 20-00221, Dkt 158, May 6, 2021). BMN ENTERTAINMENT, LLC., V. DEFENDANTS (Case No 22-3741, Dkt 45, September 7, 2022).

**II. Plaintiff failed to establish that Defendant's accounts should continue to be restricted**

**First,** as mentioned above, the Court has no personal jurisdiction over the Defendant, so defendant certainly should not be restrained. See BMN ENTERTAINMENT, LLC., V. DEFENDANTS (Case No 22-3741, Dkt 45, September 7, 2022), the court said "The court cannot issue a temporary restraining order unless it has personal jurisdiction over Defendants, the court must first address personal jurisdiction."(Citing Am. Bridal & Prom Indus. Ass'n v. The P'ships & Unincorporated Ass'ns Identified on Schedule A, 192 F. Supp. 3d 924, 930 (N.D. Ill. 2016 ,16-0023，Judge John Robert Blakey) ).

**Second,** the continuing restriction of funds is inconsistent with the principle of equitable relief, Defendant made 0 accused sales, accordingly, all funds restrained have nothing to do with accused products, Defendant didn't obtained any accused profits nor cause any damages to Plaintiff. At this time, Defendant has stopped offering such accused product, Plaintiff will not suffer any irreparable or actual damages without injunction. On the contrary, Defendant has been suffering economical loss under the restraining order because Defendant has been forced to stop all non-accused businesses in these stores.

On the other hand, Plaintiff failed to establish that the Court has power to restrain defendant's all funds, as the court presented as follows:

*"...as a practical matter, in Schedule A cases, that recovery almost never happens, if at all. Instead, plaintiffs rush into court, seek and obtain an asset freeze, obtain a default judgment, and then ask district courts to unfreeze the money and award statutory damages, not equitable relief. In that scenario, it is not clear to this Court that it would be appropriate to use any frozen funds for any recovery of statutory damages, because statutory damages are a remedy at law, not a remedy in equity. If Plaintiff believes that it is appropriate for this Court to freeze funds at the outset of the case, and then use those funds to recover statutory damages (not equitable monetary relief) at the end of the case, then Plaintiff must explain why."*(See Nike, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"; Case No.22-cv-01802; Dkt.23; Aug 9, 2022; Judge Steven C. Seeger).

And "*Plaintiff's counsel has gotten into the habit of moving for a temporary restraining order, and then, two weeks later, reflexively filing a motion for a two-week extension of the TRO. Plaintiff's counsel does so as a matter of course, and has gotten too comfortable with that schedule. That bad habit creates extra burdens for the Court. It means that this Court has to handle two TRO motions per case. And Plaintiff's counsel has filed hundreds of Schedule A cases in the past two years alone. So, that habit leads to hundreds of extra motions raining down on the federal courthouse, from a single law firm. The Court forewarns Plaintiff's counsel that it is not inclined to grant any extensions, including any extensions of the TRO, so Plaintiff must be prepared to comply.*"(Id. Dkt.26, October 4, 2022).

I hereby declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

**Conclusion,** Defendant didn't actually make accused sales to United States nor Illinois, Plaintiff failed to establish personal jurisdiction and proper injunction over the Defendant, as such, Defendant respectfully requests the Court :

1. Dismiss Plaintiff's complaint.

2. Dissolve Defendant's restrained funds.

Respectfully submitted

/s/ 陈紫荆（Zijing Chen）

E-mail: shenzhen258030@126.com

Phone number:131-0220-8901

Wanzhongcheng, Xinniu Community, Minzhi Street, Longhua District, Shenzhen

Dated: October 12, 2022